Filing # 11774358 Electronically Filed 03/26/2014 01:20:14 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

SCOTT SOURA,

        Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

        Defendant.
_____/

## COMPLAINT

1.     This is a cause of action for damages that exceed $15,000 exclusive of interest, costs and attorney's fees.

2.     This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 USC § 1681 *et seq* (the "FCRA").

3.     Venue is proper in Duval County because the causes of action accrued here and Defendant transacts business here.

4.     Plaintiff is a natural person who is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and/or a person affected by a violation of the FCRA with standing to bring this claim.

5.     Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase") is a person who, in the normal course and scope of its business, regularly furnishes information to one or more Consumer Reporting Agency ("CRA"). JPMorgan Chase, through its division operating under the name of "Chase Auto Finance", engages in banking and lending activities including lending for automobiles.

-1-

## FACTUAL ALLEGATIONS

6. In November, 2003, Roundhill Group, LLC ("Roundhill") acquired an automobile and incurred a financial obligation to Defendant for an automobile loan. Plaintiff was the manager and a member of Roundhill.

7. Each month, for approximately the first four years of the five year loan, Defendant would send a statement to Roundhill for payment. Roundhill would process the payment upon receipt.

8. In or around the second half of 2007, Roundhill notified Defendant in writing that Roundhill had changed its mailing address and requested Defendant update its records.

9. In or around October 2007, Roundhill again provided written notification to Defendant of the address change and requested that Defendant update its records.

10. However, Defendant did not update its records and sent the monthly statements and any related notices to an incorrect address. As such, Roundhill and Plaintiff did not receive any notice, statement or demand for payment from Defendant.

11. Roundhill relied on the promises and billing practices of Defendant and set its accounts payable procedures and controls for its account with Defendant accordingly. At all times, Defendant was informed that it was making an automotive business loan and agreed to provide monthly statements and timely notices.

12. Like most businesses, Roundhill processes payments upon receipt of an invoice, statement, or demand for payment. Roundhill routinely processed a significant number of invoices each month. Because Defendant failed to update its records and, thus, without notice, stopped sending Roundhill a monthly statement as it had every month for the previous

approximately four years, Roundhill's payment clerks were unaware of any payment owing to Defendants and did not process those payments for several months.

13. In early 2008, Roundhill's accounts payable department discovered that Defendants had not sent statements for several months. Roundhill contacted Defendant by telephone and informed Defendant of the address change and explained that Roundhill's payment procedure requires Defendant to provide timely written statements or invoices. Defendant promised to continue providing written statements in accordance with its past practices.

14. Shortly thereafter, Roundhill, again, provided written notice of the address change.

15. Despite being informed by telephone and writing of the address change, Defendant still did not correct Roundhill's address.

16. After several more months, Roundhill again discovered Defendant's failure to send statements and again provided written notice to Defendants of the address change.

17. Each time, Roundhill brought the account current promptly upon discovering Defendant's error.

18. In September, 2008, Roundhill paid off the loan early to avoid continued errors and confusion caused by Defendant's negligence.

19. Throughout the events described above, Defendant never sent any notification, statement or other demand for payment to Roundhill or to Plaintiff.

20. In May 2013, Plaintiff applied for a loan. It was at this time that Plaintiff first discovered that Defendant had previously made a derogatory report against Plaintiff, individually, to the 3 main CRAs regarding the automobile loan.

21. In March 1, 2011 - two and one-half years after the account was paid in full - Defendant made a derogatory report against Plaintiff, individually, to at least one CRA.

22. After discovering the incorrect credit report, in 2013, Plaintiff had several communications with Defendant disputing the derogatory report and, again, providing the written notification that Defendant received on Plaintiff's change of address.

23. In 2013, Plaintiff also disputed the derogatory report with the CRAs. Upon information and belief, Defendant was notified by the CRAs of the dispute, failed to conduct an adequate investigation of its files and records, and provided an inaccurate, misleading and incomplete response to the CRAs concerning the dispute.

24. Based on Defendant's response, the CRAs upheld the derogatory report and it remains on Plaintiff's credit.

## COUNT I

### VIOLATIONS OF THE FCRA BY DEFENDANT

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 as if set forth fully herein.

26. Defendant made a derogatory report on Plaintiff's credit based on incorrect, incomplete and misleading information.

27. Alternatively, if the Court determines that Defendant's derogatory credit report is technically correct, it is still incomplete and misleading by failing to provide the information regarding the facts and circumstances of the late payments that are described more fully in this Complaint. In fact, Defendant's own negligence and deliberate actions were the cause of any late payments.

28. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Defendant negligently failed to conduct a proper investigation of the Plaintiff's dispute pertaining to the report made with three CRAs as required by 15 USC § 1681s-2(b)(A).

29. Defendant negligently failed to review all relevant information provided by such CRAs to Defendant in conducting its investigation as required by 15 USC § 1681s-2(b)(B).

30. Defendant negligently failed to direct the CRAs to delete inaccurate information about the Plaintiff pertaining to the derogatory report as required by 15 USC § 1681s-2(b)(C).

31. Defendant violated 15 USC § 1681s-2(a)(1)(A) by furnishing information about Plaintiff to CRAs when Defendant knew that the information was inaccurate.

32. Defendant violated 15 USC § 1681s-2(a)(1)(B)(i) by continuing to furnish false information to CRAs after Defendant had been notified that the information was inaccurate.

33. Defendant violated 15 USC § 1681s-2(a)(1)(B)(ii) by continuing to furnish false information to CRAs that Defendant knew was inaccurate.

34. Defendant violated 15 USC § 1681s-2(a)(7) by failing to provide notice to Plaintiff of the negative credit report made to the CRAs.

35. As a result of Defendant's conduct, action and inaction, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, Defendant was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 USC§ 1681n and/or 1681o.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: March 26, 2014             **ERIC C. ROBERSON, P.A.**

By: */s/ Eric C. Roberson*
Eric C. Roberson
Florida Bar No. 0014649
2064 Park St.
Jacksonville, FL 32204
(904) 404-8800
(904) 517-8387 (fax)
eric@robersonlawjax.com
*Attorneys for Plaintiff*